ALBANY,
Feb. 1810.

ADAMS
v.
HOPKINS.

────◄◙►────

ADAMS *against* HOPKINS.

The sheriff is
entitled to
poundage on a
*ca. sa.* on serving
the execution ;
and he has a
right to call on
the attorney for
such poundage,
without resort-
ing to the party.

THE plaintiff, as sheriff, claimed his poundage on a *ca. sa.* issued in favour of *Edward Durant* and *Joseph Roberts*, against *Barzilla Worth.* The plaintiffs in that execution were non-residents ; and the present *defendant* was their attorney. *Worth* was arrested on the *ca. sa.* and detained in custody, until discharged under the act for the relief of debtors, with respect to the imprisonment of their persons.

Two questions were raised for the consideration of the court ; 1. Whether the sheriff was entitled to poundage ; and,

2. If he is, whether he can call on the present defendant for payment.

*E. Williams* and *Caines*, for the plaintiff.

*Johnson*, contra.
6

THOMPSON, J. delivered the opinion of the court. The common law gave no fees to the sheriff, which occasioned great delay and backwardness in the discharge of their duty, unless prompted thereto by great rewards. (*Latch.* 17. 13 *Vin. Abr.* 144.) This was the reason of the statutes giving and defining their fees. In *England* several statutes have been passed on this subject. By that of the 29th of *Eliz.* c. 4. which is entitled, " An act to prevent extortion in sheriffs in cases of execution," it is declared, that it shall not be lawful for any sheriff, by reason of his office, to take of any person for *serving an execution* upon the body or property, more or other consideration than is allowed by the statute, that is to say, twelve pence for every 20s. where the sum exceedeth not 100l. and six pence for every 20s. over, that he should so levy or ʼextend and deliver in execution, *or take the body in execution for.* Under this statute it was held, (1 *Salk.* 331.) that the sheriff on a *ca. sa.* should have his fees for the whole debt. This construction and practice, gave occasion to the statute 3 *G.* I. c. 65. § 17. which, after reciting the evil that existed, declares, that poundage on executing a *ca. sa.* should not be taken for any greater sum than the real debt *bona fide* due and claimed; and which sum the plaintiff must mark on the execution, before delivery of it to the sheriff. Our statute seems to have been intended concisely to embrace substantially the same provisions. It declares (*R. L.* v. 2. p. 77.) that sheriff's fees on *serving an execution,* for or under 250 dollars are 2 cents and 4 mills per dollar, and for every dollar more than 250, one cent and two mills ; and adds that the poundage on writs of *fieri facias,* and all other writs for levying moneys, shall be taken only for the sum levied. Under the *English* statutes, it has been considered as settled, that the sheriff was entitled to his poundage on executing the *ca. sa.* without making it depend upon the sum which the plaintiff should ultimately recover of the defendant,

and without suspending his right to fees, until that event arrived. The case of *White* v. *Haugh*, (*Stra.* 1262.) shows evidently that this was the sense of the court of *K. B.* Mr. Justice *Foster* said, in that case, that if the prisoner charged in execution, was brought before him on *habeas corpus*, to be removed into the *K. B.* prison, he would not turn him over, until the poundage was paid. *Impey*, in his *Sheriff*, (p. 126.) considers this as the established rule, and he says it was so ruled in the year 1785, in the *K. B.* on a case reserved by Lord *Mansfield*.

The sheriff, by the statute of *Eliz.* and by our act, is to have his fees *for serving an execution*. This service, when applied to a *ca. sa.* according to the provisions of the statute of *Eliz.* evidently means, the taking of the body in execution ; and this must necessarily be the import of the terms in our act. The sheriff has, then, performed the service of arresting and imprisoning the debtor, pursuant to the command of the writ, and has subjected himself to the peril of his escape, and of being answerable for the whole debt due ; and it is just and reasonable, that he should then be paid what the law deems an adequate compensation for this service, and for this risk. The invariable practice of allowing the sheriff poundage, is a strong corroboration of this construction. The latter words in the act, do not weaken this construction ; they are only intended to regulate the amount of poundage, and do not create the right to it ; that is given by the former part of the clause. I am accordingly of opinion, upon the first point, that the sheriff is entitled to poundage.

I think also, that the sheriff has a right to look to the attorney for this poundage. He is his immediate employer. The attorney cannot be considered as acting in the character of a known agent, so as to charge the sheriff with giving credit to the principal. The sheriff has no discretionary power left him, whether to perform the service or not. He is bound to execute every legal pro-

cess delivered to him, before he can demand his fees. (1 *Salk.* 330, 331.) All reasonable security ought therefore to be extended to him, to insure a compensation for his services. He cannot be presumed to be acquainted with the residence or responsibility of parties. Very different is the situation of the attorney. He is not bound to undertake any suit, nor incur any responsibility, without a reasonable indemnity, if suspicious of his employer.

But admitting an attorney to stand in the situation of a general agent, this would not exonerate him, for in such cases it is not only necessary that the agent should act in his official capacity, but that it should appear that the creditor intended to look to the principal for compensation. (3 *Caines,* 72. 2 *Esp. Cas.* 568. *Stra.* 816.) The general practice of looking to the attorney, repels every presumption of credit being given to the client. There is no more reason for sending the sheriff to the party for his poundage, than for any other of his fees, or than there would be for sending every other officer to the party for his fees, in the progress of a suit. The poundage not being taxed in the bill of costs, can make no difference. If paid by the attorney, it would not be considered a voluntary payment, but one made by legal authority, and which the client would be compelled to reimburse.

The plaintiff is, therefore, entitled to judgment.