NEWYORK,
May, 1812.

OUSTERHOUT
v.
DAY.

*A sheriff may look to the attorney in the suit for his fees.*

*Admitting he might look to the client, in the first instance, yet if he elects to sue the attorney, without making any demand of the client, this, especially after five years have elapsed before any such demand is made, is a waiver of his right to call on the client.*

## OUSTERHOUT *against* DAY.

THIS was an action of *assumpsit* by the plaintiff, as sheriff, to recover his fees for serving writs of *cap. ad. resp.* issued by *T. P. Grosvenor,* attorney for the defendant. The plaintiff served several writs, in which the present defendant was plaintiff, and *Grosvenor* the attorney. The plaintiff kept a book in which he charged his fees to the attorneys who issued the process; and in the present case he charged his fees to *Grosvenor,* to whom he afterwards presented a bill of the fees, and demanded payment. *Grosvenor* neglecting to pay the bill, the plaintiff brought an action against him, and recovered judgment, which remained unsatisfied.

The plaintiff had collected money for *Grosvenor,* and retained it, giving him credit for the amount in the account. *Grosvenor* had charged, in his bills of costs, all the sheriff's fees, and received the amount. The plaintiff's demand for his fees accrued five years ago, and he did not make any demand of the defendant until a short time before the present suit.

*Sudam,* for the defendant, contended that the mere lapse of time before the plaintiff applied to the defendant, was sufficient to discharge him.

As to the general question of the liability of the client and attorney, the case of *Adams* v. *Hopkins** repels the idea of any credit being given by the sheriff to the client. At *common law,* two persons cannot be responsible for one and the same service, by an *implied* contract.

*5 Johns.Rep. 252.*

As between principal and agent, the question is, to whom the credit is given. The principle by which it is to be decided, is laid down in several late *English* cases.† If goods are bought by an agent, the principal is liable to the vendor, if called upon when payment becomes due; otherwise, if the day of payment is suffered to pass by without any demand being made on the principal.

† *1 Campb. N. P.* 109. *2 Campb. N.P.* 341, 344.

*Foot,* contra, insisted that as the services rendered were solely for the benefit of the defendant, he was responsible; and that

there was a difference between services voluntarily performed, and at the option of a party, and such as he was compelled by law to perform.

*Per Curiam.* The plaintiff, as sheriff, was entitled to look to the attorney for his fees; and, in this case, he has elected to look to him exclusively, and has given to him the whole credit. Admitting, therefore, that the plaintiff was entitled, in the first instance, to look to the client, he has here waived that right, and resorted to the attorney. Under the circumstances of the case, it would be unjust not to conclude the plaintiff by his election. The principle stated in the cases cited by the defendant's counsel is applicable. There must be judgment for the defendant.

Judgment for the defendant.