1835.

Trustees of
Watertown
v.
Cowen.

THE TRUSTEES OF WATERTOWN *vs.* COWEN & BAGG.

The solicitor for the party in whose behalf a witness is examined, or cross-
examined, is personally liable to the examiner for his fees, in taking the
testimony of the witness for the benefit of his client.

The testimony of the witness is complete, so far as the party calling him is
concerned, when the direct examination is finished and signed by the wit-
ness ; but the party calling him is bound to keep the witness before the
examiner a sufficient length of time afterwards to enable the adverse party
to complete the cross-examination, or the deposition may be suppressed.

The fees of the examiner upon the cross-examination of a witness, are charge-
able to the solicitor of the party for whose benefit, or at whose request,
such cross-examination is taken ; and not to the solicitor of the party call-
ing such witness.

September 12.     THIS was an appeal from the taxation of the vice chancel-
lor of the fifth circuit, of an examiner's bill, against the solicitor
of the defendants.    The solicitor resisted the taxation of the
whole bill as against him, on the ground that he was not an-
swerable to the examiner for his fees.    He also objected that
if he was bound to pay the examiner's fees for services per-
formed for him as solicitor, he was not liable for the cross-ex-
amination of the complainants' witnesses.    The vice chan-
cellor decided both questions against the solicitor, on the tax-
ation ; and from this decision of the taxing officer, the solicitor
appealed to the chancellor.

*G. C. Sherman*, the solicitor, in person.

*N. Rathbun*, for the examiner.

THE CHANCELLOR.    It appears to have been the uniform
practice in this state for the sheriffs, clerks, masters, registers,
and other officers of the several courts of record, to charge
their fees to the attorney or solicitor of the party for whose
benefit the services are performed ; and there are no good
reasons for distinguishing the case of an examiner from that
of any other officer of the court, in this respect.    From the
uniform practice on this subject, there is an implied assumpsit
by the attorney or solicitor, to pay for the services done for his

1835.

Trustees of
Watertown
v.
Cowen.

client in the cause, by his express or implied request. And where the solicitor for a party notices the taking of the testimony of witnesses before an examiner, or attends or procures the cross-examination of the witnesses of the adverse party, there is an implied assumpsit on the part of the solicitor to pay the fees of the examiner for taking such testimony on the behalf of the client. The vice chancellor was therefore right in taxing the whole bill against the solicitor for the defendants, unless the complainants' solicitor was liable for the cross-examination, as well as for the direct examination, of the witnesses called on behalf of his client.

I cannot ascertain that there has been any uniform practice among the examiners in this state, upon the subject of charging for the cross-examination. Neither does it appear from the reports that there has ever been a judicial decision of the question in any of our courts. Upon principle, however, the solicitor of the party for whose benefit the cross-examination of the witness is taken, appears to be the proper person to whom the fees of the examiner for that particular service should be charged. Where he pays such fees in the first instance, and his client recovers costs against the adverse party, he will be remunerated in that way, if the cross examination is not impertinent. And if the adverse party is not charged with costs, the solicitor must look to his client for a repayment of the examiner's fees. It is very evident that under the English practice the party who filed cross-interrogatories for the cross-examination of his opponent's witnesses was bound to pay the examiner's fees for taking such cross-examination. The testimony is complete, so far as the party calling the witnesses is concerned, when their direct examination is finished and signed by them ; although the party calling the witnesses is bound to keep them before the examiner a sufficient length of time afterwards to enable the adverse party to complete the cross-examination, or the deposition may be suppressed.

The taxing officer was therefore correct in charging the defendants' solicitor with the examiner's fees for the cross-examination of the complainants' witnesses ; and the taxation is affirmed.