ALBERT V. BENSEN, Respondent, v. JOHN S. PERRY AND OTHERS, Appellants.

*Motion to set aside a satisfaction of a judgment, on the ground of a mistake — the money received for the satisfaction, must be returned.*

Plaintiff recovered a judgment against defendant, and an execution thereon was issued by one of his attorneys and a levy made. Subsequently the defendant gave the requisite undertaking to stay execution, and appealed to the General Term, where the judgment was affirmed, and to the Court of Appeals, where the appeal was dismissed. Thereafter defendant paid to the plaintiff's other attorney, who did not know of the issue of the execution, what he claimed was due on the judgment, and it was satisfied of record by him. Subsequently the plaintiff moved to have the satisfaction canceled and set aside to enable the sheriff to collect his poundage and fees, which was granted.

*Held,* that it was error so to do, as there was no offer to return to defendant the amount he had paid to procure the satisfaction.

*Semble,* that such an offer would not be necessary if the same relief were sought by action.

APPEAL from an order made at the Special Term. Judgment was rendered in this action April 24, 1877, for $13,083.33 damages and costs, in favor of plaintiff against the defendants. Execution was issued April 27, 1877. This execution was issued by plaintiff's attorneys. It was drawn up and delivered to the sheriff by the junior member of the firm. The other members of the firm had no knowledge or information of the issuing of the execution. The sheriff made a levy on sufficient property to satisfy the execution, the same day it was issued, but omitted to remove the property at the request of the defendant Perry, who said it was unnecessary, as they were going to appeal. No entry was made on the register of the issuing of the execution. On the 30th of April, 1877, the defendants appealed to the General Term, and gave security to stay execution. The judgment was affirmed at General Term, and the Court of Appeals dismissed an appeal therefrom.

February 20, 1878, the defendants paid the original judgment, and those entered on the decisions of the appellate courts. One of the senior partners received the money and acknowledged satisfaction, and the judgments have been satisfied of record. The junior partner in May, 1877, left Albany for Colorado, on account of ill health and has not since been back. Neither of the other partners, at the time of receiving the money and acknowledging satisfaction, knew or had been informed that any execution had ever been issued. Had they known it they would not have acknowledged satisfaction, without requiring defendants to settle with the sheriff. The sheriff insisted on his poundage, and the defendants refused to pay any part of it. The plaintiff moved upon these facts, which were not denied, to vacate the satisfaction in order to enable the sheriff to collect his poundage, and the motion was granted and the satisfaction vacated and set aside, unless defendant should within ten days settle the sheriff's fees.

*Geo. W. Miller,* for the appellants. Attorneys issuing executions are liable to the sheriff for his fees and they may receive payment

of, and discharge judgments within two years from entry thereof, regardless of whether execution has been issued or not. (*Adams* v. *Hopkins*, 5 John., 252; *Jackson* v. *Anderson*, 4 Wend., 479; Code, section 1260.) Sheriff's fees are no part of a judgment; they are but incident to it, and if the judgment itself is satisfied or discharged, he must look to the plaintiff or his attorney for his fees. He cannot collect them of defendant by a sale of his property. (*Jackson* v. *Anderson*, 4 Wend., 479; Crocker on Sheriffs, § 1162; *Osterhout* v. *Day*, 9 John., 114, note *a*; *Bolton* v. *Lawrence*, 9 Wend., 435; *Parsons* v. *Bowdin*, 17 id., 14.) Even for fraud or collusion a satisfaction of judgment actually executed and entered cannot be set aside or canceled on motion, but the remedy is by action. (*Romain* v. *Garth*, 3 Hun, 214.)

*Matthew Hale*, for the respondent. The satisfaction was given under a mistake of fact. The attorney who acknowledged and gave it did not know of the execution, but supposed none had ever issued. (*Kelly* v. *Solari*, 9 M. & W., 54; approved by Court of Appeals in 40 N. Y., 391; *Bell* v. *Gardner*, 4 M. & G., 11; *Townsend* v. *Crowdy*, 8 Com. B. [N. S.], 476, 492.) It is immaterial that plaintiff's attorneys had the means of knowledge, or that they were negligent in keeping their register. (*Kingston Bank* v. *Eltinge*, 40 N. Y., 391.) Remedy by motion was proper. (Code of Civil Procedure, §§ 723, 724; 3 Wait's Pr., 752; *Wardell* v. *Eden*, 2 Johns. Cas., 258; *S. C.*, 1 Johns., 539, etc.; *Suydam* v. *Holden*, Selden notes, 416; *Field* v. *Paulding*, 3 Abbott, 139; *Anderson* v. *Nicholas*, 4 Rob., 630.) The levy was sufficient as against defendants. (Crocker on Sheriffs, § 435; *Butler* v. *Maynard*, 11 Wend., 548; *Dresser* v. *Ainsworth*, 9 Barb., 619; *Bond* v. *Willett*, 29 How., 47.)

BOCKES, J.:

According to the record the judgment is fully paid and satisfied. The certificate of its satisfaction has been duly entered. In this condition of the record there can be no sale of the judgment-debtor's property under it, even for sheriff's fees, admitting an original levy by that officer under the execution. The fees of the sheriff are but an incident of the judgment, and are gone on its

payment and satisfaction, except in so far as the officer may claim them from the judgment-creditor or his attorney. (*Jackson* v. *Anderson*, 4 Wend., 474, 479; *Ousterhout* v. *Day*, 9 Johns., 114; *Parsons* v. *Bowdoin*, 17 Wend., 14; *Campbell* v. *Cothran*, 56 N. Y., 279.) But it is insisted in this case that the certificate of satisfaction was executed and delivered under a mistake of fact, in this, that the attorney for the judgment-creditor, when he gave the satisfaction piece, was not aware or had forgotten the fact that an execution had long before issued on the judgment and remained in the hands of the sheriff, so he moved to have the satisfaction vacated, and that the sheriff be permitted to collect his fees and poundage on the execution. It is not denied but that the judgment was fully paid, and it was not and is not proposed to disturb such payment, except as the sheriff may be allowed to levy and collect his fees. The payment and satisfaction of the judgment, except for the sheriff's fees, are to stand and no return of the money paid is proposed. It is a general rule that where some action or proceeding is sought to be vacated and annulled for fraud or mistake, the party taking action must put his opponent in his original position or offer so to do. This is not always necessary where relief is sought by *action*, although it will be imposed as a condition of granting relief. In *actions*, equity may be worked out through conditions and provisions to be inserted in the judgment ultimately awarded in the suit, hence an offer of restoration before bringing suit is not always necessary. (*Hay* v. *Hay*, 20 N. Y. S. C. [13 Hun], 315.) In the case now before us restoration is not proposed, nor is any provision made in that regard in the order, if indeed it would be appropriate to a proceeding by motion The money paid in satisfaction of the judgment is held and retained as payment of the judgment; the judgment therefore stands fully paid. The order appealed from does not disturb or affect that payment, and even if the satisfaction piece be vacated and set aside, still the judgment remains paid. The money was delivered in payment, and was accepted and is still held as payment, and notwithstanding this, the order granted at Special Term contemplates the collection of sheriff's fees on an execution without any valid judgment for its support. In this view of the case the order was improperly granted.

The order appealed from must be reversed, with ten dollars costs and disbursements for printing, and the motion for the relief sought at Special Term denied, with ten dollars costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.