GEORGE BENEDICT, LATE SHERIFF OF ONEIDA COUNTY, PLAINTIFF, *v.* HENRIETTA H. WRIGHT, DEFENDANT.

*Sheriff — when entitled to poundage on the value of property levied on, though no money be realized therefrom.*

One Huntington, after the recovery of a judgment against him by the defendant, and shortly before the issuing of an execution thereon to the sheriff, executed and delivered to an assignee an assignment for the benefit of creditors, but at the time the execution was received the assignment had not been recorded, nor had the assignee given a bond or taken possession of the property. The sheriff, under the direction of the attorney for the judgment-creditor, levied on certain of the property assigned by Huntington, but, in accordance with further directions from the attorney, took no further proceedings. Subsequently the property was sold by the assignee and a portion of the proceeds applied to the payment of defendant's judgment.

In an action by the sheriff to recover poundage on the value of the property so levied on, not exceeding, however, the amount collectable under the execution, *held,* that he was entitled thereto.

MOTION by plaintiff for a new trial, on exceptions taken at the Oneida Circuit, and ordered to be heard at the General Term, in the first instance, after a nonsuit directed at the circuit.

The action was brought to recover sheriff's fees or poundage upon an execution against property, issued to the plaintiff, as sheriff, upon a judgment recovered by the defendant herein against one Benjamin N. Huntington.

*G. W. Benedict,* for the plaintiff. A sheriff can maintain an action against the attorney who issues an execution to him, or against the party in whose favor it is issued, at his election, to recover such fees and poundage as he is legally entitled to, and not made by him out of the property of the debtor. (*Adams* v. *Hopkins,* 5 Johns., 252; *Osterhout* v. *Day,* 9 id., 114; *Jackson* v. *Anderson,* 4 Wend., 474; *Bolton* v. *Lawrence,* 9 id., 435.) The sheriff having levied upon the property of the judgment-debtor by the express direction of the attorney who issued the execution, and upon specific property pointed out to him, is entitled to his full fees. (Crocker on Sheriffs, §§ 865, 1162; *Wintringham* v. *Lafoy,* 7 Cowen, 735; *Phillips* v. *Hall,* 8 Wend., 610; *Stewart* v. *Wells,* 6 Barb., 79; Crocker on Sheriffs, § 1162;

*Alchin* v. *Wells*, 5 Term Reports, 470; *Root* v. *Wager*, 30 N. Y., 9; *Campbell* v. *Cothran*, 56 id., 279; *Hoyt* v. *Philips*, 1 Sweeney, 76; *Adams* v. *Hopkins*, 5 Johns., 252; *Scott* v. *Shaw*, 13 id., 378; *People* v. *Adams*, 1 C. R. [N. S.], 226; *Hoge* v. *Page*, 11 How., 207.)

*F. G. Fricke*, for the defendant.

SMITH, J.:

It appears in the case that shortly before the sheriff received the execution, Huntington, the execution defendant, had made an assignment of all his property, in trust, for his creditors, and had delivered the assignment to the assignee, but it had not been recorded, and the assignee had not given a bond nor taken possession of the property. Of these facts, the attorney of the execution creditor, and the sheriff, had notice. Under these circumstances, the attorney directed the sheriff to levy on the property, saying he did not think the assignment good for anything, and the sheriff accordingly levied on personal property which, concededly, belonged to Huntington, unless it passed by the assignment. Subsequently, the attorney directed the sheriff not to take further proceedings, but to await the action of the assignee, and accordingly nothing further was done by the sheriff. About a year after the levy, the assignee sold the property levied on and paid a part of the proceeds to the plaintiff in the execution. When the attorney directed the sheriff to levy, the sheriff said he should want a bond of indemnity, and the attorney promised him one, but it was never executed.

Upon this state of facts, we think the plaintiff is entitled to recover poundage upon the value of the personal property levied on by him. The value, as the case states, was conceded by the defendant's counsel at the trial, "for the purposes of an appeal," to be about $14,149. It is true that, in general, a sheriff is not entitled to poundage on a money execution, until the money is collected. (*Campbell* v. *Cothran*, 56 N. Y., 279.) If, however, he is prevented from fully executing the writ, by the act and interference of the party in whose favor it is issued, he is equally entitled to fees, as if he had collected the money. (*Alchin* v.

*Wells*, 5 T. R., 470; *Hildreth* v. *Ellice*, 1 Caines R., 192; *Adams* v. *Hopkins*, 5 Johns., 252; *Parsons* v. *Bowdoin*, 17 Wend., 14; *Campbell* v. *Cothran, supra.*) It seems, from the cases above cited, that when the sheriff is prevented by the act of the party, his commissions are to be measured by the amount which he is directed to collect, unless it appears that the property levied on is of insufficient value to make such amount, in which case the value of the property is the measure. And the case of *Parsons* v. *Bowdoin* (*supra*) seems to warrant the position that in estimating the value of the property for such purposes, incumbrances upon it are not to be deducted.

The defendant's counsel insists that as the sheriff had reasonable ground to doubt Huntington's title to the property, he was not only not bound to levy, in the absence of indemnity, but it was his duty not to levy, but to call a sheriff's jury to try the title. Probably such would have been the duty of the sheriff, if the attorney had not interfered and expressly directed him to levy notwithstanding the claim of the assignee. And although, even then, the sheriff was under no obligation to levy, unless indemnified, yet, having done so, relying upon the promise of the attorney to furnish indemnity, the party in whose favor the execution issued cannot now be heard to object that the levy was unauthorized, for the purpose of depriving the sheriff of his fees.

The sheriff claims also poundage for levying on real estate, but we do not think that part of his claim is supported by the evidence as it now stands. It does not appear that he in fact levied on the real estate or did any act whatever in respect to it, or that he was directed to levy on it by the attorney.

The result is that the nonsuit should be set aside and a new trial ordered, costs to abide event.

TALCOTT, P. J., concurred; HARDIN, J., not sitting.

Nonsuit set aside and new trial ordered, costs to abide event.