WILLIAM RYLE, APPELLANT, v. ALBERT FALK, APPELLANT.

BERNARD REILLY, LATE SHERIFF, RESPONDENT.

*Execution against the person — right of the sheriff to receive poundage upon it.*

The defendant in this action having been arrested by the sheriff under an execution against his person, issued upon a judgment recovered against him, the plaintiff served upon the sheriff the following notice: "You are hereby authorized and requested to release and discharge from imprisonment the defendant Albert Falk, in the above entitled action, upon his paying and satisfying all your legal fees, charges and expenses, under and upon the orders of arrest and execution herein under which the defendant Albert Falk is now in your custody."

*Held*, that the sheriff was entitled to his poundage upon the execution, and that the defendant was not entitled to be released from custody until he had paid the same.

APPEAL from an order made at Special Term, taxing poundage in favor of the late sheriff Reilly, upon an execution issued against the body of the defendant upon a judgment recovered herein.

*William G. Wilson*, for the plaintiff, appellant.

*J. D. Quincy*, for the defendant, appellant.

*A. Goodwin*, for Bernard Reilly, late sheriff, respondent.

DAVIS, P. J.:

The defendant, Albert Falk, was arrested, upon an execution against the body, and held by the late sheriff pursuant to the exigency of the writ. On the expiration of the sheriff's term his custody was transferred to the incoming sheriff, and he is still held

under the execution and arrest. The plaintiff in the action, while the defendant remained in such custody, directed and delivered to the late sheriff and to the present sheriff a paper, entitled in the action, and in the following form:

You are hereby authorized and requested to release and discharge from imprisonment the defendant Albert Falk, in the above entitled action, upon his paying and satisfying all your legal fees, charges and expenses, under and upon the orders of arrest and execution herein, under which the defendant Albert Falk is now in your custody.

Dated NEW YORK, *May* 21, 1880.

It seems to be well settled in this State upon authority that upon the arrest under a body execution the judgment is satisfied so long as the defendant continues in custody under the arrest, and the sheriff is entitled to his poundage on the execution whenever the defendant is discharged by the payment of the judgment, or under the act for the relief of debtors, or by the consent of the plaintiff. (*Adams* v. *Hopkins*, 5 Johns., 252; *Scott* v. *Shaw*, 13 id., 378; *Campbell* v. *Cothran*, 56 N. Y., 279; *Cooper* v. *Bigalow*, 1 Cow., 56; *Chapman* v. *Hatt*, 11 Wend., 41; *Koenig* v. *Steckel*, 58 N. Y., 475.)

In this case the defendant has not been discharged by payment, nor under any legal proceedings; nor has he been discharged at all by the plaintiff's consent, except upon the condition expressed in the instrument above quoted, to wit, upon his paying and satisfying the sheriff's legal fees, charges and expenses upon the execution under which he is held in custody.

A sheriff who has taken a defendant in custody, on execution against the person, has incurred all the risks and liabilities that attend the execution of the process in that form. He is ready and willing to perform and is performing his duties in respect of the process, according to its exigency. An absolute discharge of the defendant by satisfaction of the judgment, or by an unqualified direction of the plaintiff, would undoubtedly leave the plaintiff liable to the sheriff for his poundage upon the execution, such poundage being the sheriff's legal fees. The defendant has no right to demand, therefore, that he is entitled to be relieved from custody without such payment under this conditional discharge.

·It is, however, insisted that, under the Code, the rules and provisions that govern executions against the body under the former statute have been changed, so that now the sheriff is entitled to no fees, unless the judgment on which the process issued has actually been collected by him. Our examination of the Code leads us to no such conclusion. The change in the form of the execution does not change its substance.

The effect of the arrest of the defendant under such a writ still operates as a satisfaction so long as such custody continues, and the fees of the sheriff and his right to poundage do not seem to have been changed or affected by the provisions of the Code referred to.

We are therefore of opinion that the taxation of costs by the court below was correct, and that the appellant, is not entitled to his discharge until either he or the plaintiff shall have paid the poundage, as taxed in favor of the sheriff.

The order should be affirmed, with ten dollars costs besides disbursements.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.