BERNARD REILLY, Sheriff of the City and County of New York, Respondent, *against* WILLIAM B. TULLIS, Appellant.

(Decided December 5th, 1881.)

Under the provision of 2 R. S. 645, § 38, allowing calendar fees to the sheriff, the attorney placing a cause on the calendar for trial by a jury became liable to the sheriff for the calendar fees therein.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*William B. Tullis*, appellant, in person.

*Vanderpoel, Green & Cumming*, for respondent.

Reilly *v*. Tullis.

Van Hoesen, J.—The principal, I may say, the only question is, is the attorney liable to the sheriff for what is now called "calendar fees?"

The sheriff's right to calendar fees is created by 2nd Revised Statutes, p. 645, § 38, which reads thus: "for summoning the jury to attend any court, fifty cents in each cause noticed for trial at such court, or placed on the calendar for trial." Some one is to pay that fee, and the rule in this state has always been that the attorney is liable to the sheriff for his fees. An attempt was made, at the argument, to draw a distinction between fees for executing process, either mesne or final, and fees for other services rendered by the sheriff, but the cases do not warrant any such discrimination. In the leading case of *Adams* v. *Hopkins* (5 Johns. 252), the sheriff sued for poundage on a ca. sa., and in *Ousterhout* v. *Day* (9 Johns. 114), the fees sued for were for serving several writs of cap. ad resp., but the language of the court did not limit the sheriff's claim against the attorney to services rendered in the service of writs. In the Ousterhout case, the court said, "the sheriff was entitled to look to the attorney for his fees." The reasons for giving such a right to the sheriff were stated by the court in *Adams* v. *Hopkins*. Those reasons were that the attorney is the sheriff's immediate employer, and the sheriff can not be considered as giving credit to the client, with whose residence and responsibility he can not be supposed to be acquainted. The sheriff is obliged to execute every legal process delivered to him, and all reasonable security ought to be given to him for his compensation. From the time of the decision in the 5th Johnson, which was delivered in 1810, to the present time, the courts of New York have uniformly adhered to the principle then enounced. Some of the reasons given by the court in that case are not so cogent now as they were at that time, for, in many cases, the sheriff may demand his fees in advance, but the courts have not made any exceptions to the rule, and they have regarded the attorney, as most attorneys have considered themselves, as liable to the sheriff for all his fees of every character chargeable to a suitor in a civil action. In the case of *Judson* v. *Gray* (11 N. Y. 408),

Reilly *v.* Tullis.

the case relied on by the defendant, Judge Selden, delivering the unanimous judgment of the court, said, "it is not intended, by this decision, to interfere with the doctrine advanced in the case of *Adams* v. *Hopkins*. There is an apparent equity in holding the attorney liable in a case of that description, which goes very far to justify the departure from principle involved in the decision; and if the rule be confined to those cases to which the reason given by Judge Thompson applies, we have, at least, a clear line of distinction between the cases where the liability attaches and where it does not." Again, Judge Selden said, in that case, that the attorney was not liable for the fees of a referee, because a referee did not belong to " the classes of officers to whom the rule in question had been held to apply." It will be observed that the learned judge treats the liability as depending, not on the nature of the services, but on the official character of the officer by whom they were rendered. In *The Trustees of Watertown* v. *Cowen* (5 Paige, 510), Chancellor Walworth said, " it appears to have been the uniform practice for the sheriffs. . . . . to charge their fees to the attorney of the party for whose benefit the services are performed;" and from the uniform practice, there is an implied assumpsit by the attorney to pay for the services done for his client, by his express or implied request.

Applying the most rigid rule suggested by Judge Selden, the plaintiff would be entitled to look to the defendant for his fees. The statute makes it the duty of the sheriff to summon a jury, and gives him a prescribed fee for the service. The sheriff does not know, and cannot ascertain who the suitors are whose cases will be on the calendar, nor is it possible for him to know who and where the attorneys are, by whom the notes of issue will be filed. The sheriff can not go round to the attorneys, and demand the fee in advance. Such a proceeding is out of the question, as every lawyer knows. He must, therefore, do the work, without knowing, at the time, for whom it is done, or how he is to get his pay, if the attorney be not responsible for it. The calendar fee is, therefore, peculiarly and especially within the reason of the rule which Judge Thompson first announced, and which Judge Selden said was

too well established to be disturbed, even if it were desirable to disturb a rule founded on such equitable considerations.

There can be no doubt that the sheriff is entitled to the calendar fee for every term that the case is on the calendar for trial. For every such term a jury must be summoned, and the calendar fee is the compensation prescribed by statute for the labor of serving the summonses. The language of the statute does not admit of two constructions, and the subject requires no further discussion.

None of the defendant's exceptions seems to us to be tenable.

The judgment should be affirmed.

J. F. DALY, J., concurred.

Judgment affirmed, with costs.