(44 Misc. Rep. 418.)

GADSKI–TAUSCHER v. GRAFF.

(Supreme Court, Special Term, New York County. July, 1904.)

1. ATTACHMENT—DISSOLUTION—POUNDAGE DUE SHERIFF—LIABILITY OF ATTORNEY.

Defendant procured an attachment on a counterclaim against plaintiff's property, and the sheriff levied on a debt due plaintiff. The debtor gave a certificate of the indebtedness, and the attachment was subsequently vacated for insufficiency of the papers on which it was granted. *Held*, that the attorney was personally liable to the sheriff for his poundage as fixed by the county law (Laws 1892, p. 868, c. 418).

Action by Johanna Gadski-Tauscher against Clarence L. Graff. Motion by sheriff for an order to tax his poundage and directing payment thereof by defendant's attorney. Motion granted.

James W. Gerard, for the motion.
Walter M. Rosebault, opposed.

GIEGERICH, J. This motion is made on the following state of facts: On March 4, 1904, the sheriff received a warrant of attachment directing him to attach so much of the property of the plaintiff within this county as would satisfy the defendant's counterclaim of $2,650. On the same day the attachment was levied upon a debt or demand of $3,500 then due to the plaintiff from Schultz & Ruckgaber, of this city, and the sheriff, on the 9th of March, 1904, received from that firm a certificate showing an indebtedness to the plaintiff by the firm of $3,500. Thereafter the plaintiff moved to vacate the attachment upon the ground that the papers upon which it was granted were insufficient in law, and such proceedings were had thereon that on the 25th of April, 1904, an order was made and entered vacating said attachment upon that ground, and the same was served on the sheriff on the 1st day of June, and the property attached was released pursuant to its requirements. Thereupon the sheriff presented his bill for his fees and charges, amounting to $91.25, to the defendant's attorney, who obtained the warrant, but he has refused to pay the same, and still refuses to do so, maintaining that he is not liable for the same, and that there is no proof that any property was actually levied upon under the attachment. He does not, however, deny that the firm on whom the attachment was served gave the certificate required by section 650 of the Code of Civil Procedure, and thereafter they would have been estopped from denying that they held that sum for the plaintiff, unless excusable error was made in giving the certificate, which does not appear in this case. The poundage claimed by the sheriff of $91.25 is entirely correct under the rates fixed by chapter 418, p. 868, of the Laws of 1892. Both by section 709 of the Code of Civil Procedure and chapter 418, p. 868, of the Laws of 1892, relating to the fees of the sheriff of New York county, this poundage is taxable and payable at this time, and is to be collected either from the attached property, or, that failing, from the person whose property is attached, or from the person at whose instance the process was issued by the sheriff. It has been repeatedly held that such fees cannot be collected from the party against whom the attachment issued where it was subsequently vacated and annulled. O'Brien v. National Conduit & Cable Co., 43 Misc. Rep. 327, 87 N. Y. Supp. 131; Bowe v. United States Reflector Co., 36 Hun, 407; Lawlor v. Magnolia Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36. In Plummer v. International Power Co., 88 App. Div. 455, 85 N. Y. Supp. 108, the learned judge delivering the opinion of the court said:

"When the attachment is vacated or discharged by order of the court, and the service of the sheriff has been fully performed and ended, and the whole process has performed its office, the statute gives the right to poundage, irrespective of other conditions, and then the jurisdiction of the court attaches to require the party liable for the poundage to pay the same to the sheriff."

It is true that in Treadwell & Co. v. Mead Mfg. Co., 75 App. Div. 478, 78 N. Y. Supp. 283, the Appellate Division held that there was no authority in the court, after the discharge of a levy under an attachment, to order either party to the action to pay the sheriff's poundage, but

that was decided in an action which had been settled between the parties, and an order of discontinuance entered, and the only question presented on the appeal was whether, under such circumstances, authority existed to order the payment of the sheriff's poundage. As was pointed out by the Appellate Division of the Second Department in Esselstyn v. Union Surety & Guaranty Co., 82 App. Div. 474, 478, 81 N. Y. Supp. 532, that case did not relate to one where the attachment had been vacated, set aside, or discharged by order of the court, and affirmed an order taxing the sheriff's poundage, and requiring the defendant to pay it; and this has been followed in this department by Mr. Justice Leventritt in McKenzie v. Industrial Federation of America, N. Y. Law J. Dec. 22, 1903. In Commercial Wood & Cement Co. v. Northampton Portland Cement Co. the sheriff of New York county made a motion to compel the plaintiff to pay his bill, and the point was there taken that, to compel the plaintiff on a motion under the statute under consideration to pay the sheriff's bill was depriving him of property without due process of law; but the justice granted the motion without writing any opinion, and ordered the plaintiff to pay the bill. From this there was an appeal to the Appellate Division of the First Department, but the court, on February 19, 1904, affirmed the order, without opinion. 91 App. Div. 614, 86 N. Y. Supp. 1132. See, also, Amato v. Jacobus, 58 Fed. 856, 7 C. C. A. 545.

The only question remaining is whether the attorney issuing the process is liable for these fees. This was decided in the affirmative as early as Adams v. Hopkins, 5 Johns. 252, 254, where the court said:

"I think also that the sheriff has a right to look to the attorney for this poundage. He is his immediate employer. The attorney cannot be considered as acting in the character of a known agent, so as to charge the sheriff with giving credit to the principal. The sheriff has no discretionary power left him whether to perform the service or not. He is bound to execute every legal process delivered to him before he can demand his fees. All reasonable security ought, therefore, to be extended to him, to insure a compensation for his services. He cannot be presumed to be acquainted with the residence or responsibility of parties. Very different is the situation of the attorney. He is not bound to undertake any suit, nor incur any responsibility, without a reasonable indemnity, if suspicious of his employer."

This case has been frequently followed, and in Campbell v. Cothran, 56 N. Y. 279, was established as the law of this state on this question, where the court said (page 280):

"This question [whether the sheriff could collect from the attorney] was decided by the Supreme Court in 1810 in the case of Adams v. Hopkins, 5 Johns. 252. * * * This decision has been followed in subsequent cases. Ousterhout v. Day, 9 Johns. 114; Trustees of Watertown v. Cowen, 5 Paige, 510; Camp v. Garr, 6 Wend. 535. It may well be doubted whether the rule laid down in Adams v. Hopkins can be maintained upon principle, or is consistent with the general current of judicial authority elsewhere. Judson v. Gray, 11 N. Y. 408. But it has been for more than sixty years the law of this state. No practical injustice results from enforcing it, as attorneys act in view of the liability they incur in issuing executions, and it ought not now to be disturbed."

The motion should therefore be granted, and an order made taxing the sheriff's bill at $91.25, and directing the defendant's attorney to pay the same to the sheriff within such time as shall be specified in the order, which may be presented on two days' notice. No costs.

Ordered accordingly.