CHARLES E. ALLCOCK, Individually and as a City Marshal of the City of New York, Plaintiff, v. ABRAHAM S. COHEN, as Surviving Partner of the Firm of COHEN & KOBRE, Attorneys at Law, and as a Partner of the Firm of A. S. & H. M. COHEN, Attorneys at Law, et al., Defendants.

Supreme Court, Special Term, Kings County, February 27, 1945.

*Abraham S. Cohen* for moving individual defendant.

*Irving Engel* for plaintiff.

HOOLEY, J. Motion to dismiss complaint upon the ground that it does not state facts sufficient to constitute a cause of action as against defendant Abraham S. Cohen, as surviving partner of the firm of Cohen & Kobre, attorneys at law, and as a partner of the firm of A. S. & H. M. Cohen, attorneys at law, and as against Herbert M. Cohen, partner of the firm of A. S. & H. M. Cohen, attorneys at law. The complaint alleges, in substance, that the defendant attorneys represented the defendant United Loan Industrial Bank formerly known by other names; that the defendant attorneys for the said bank issued to the plaintiff herein, a City Marshal of the City of New York, various executions against the property and garnishee executions against the wages of various judgment debtors in proceedings wherein the said bank was judgment creditor; that the plaintiff duly received said executions and proceeded with the instructions of the said attorneys and the duly authorized officers of the bank relative thereto and that pursuant to statute the plaintiff became entitled to various fees set forth in plaintiff's causes of action numbered respectively " First " to " Twelfth " inclusive. The complaint asks judgment for $4,800.29 against all of the defendants.

No intelligent determination can be made of this motion without an analysis of each cause of action.

The first cause of action is brought to recover the sum of $1,938.25 which it is claimed is owing to the marshal as the result of 1,346 executions issued to plaintiff against property of various judgment debtors named therein.

The second cause of action is brought to recover the sum of $1,096.25 which it is claimed is owing to the marshal as the result of 1,088 executions of garnishee issued to plaintiff against the wages of various judgment debtors.

The third cause of action is brought to recover $125 representing fees for levies actually made by virtue of executions against property.

The fourth cause of action is brought to recover $809.25 representing fees for levies actually made by virtue of executions of garnishee against wages.

The fifth cause of action is brought to recover $29.82 mileage fees for expenses incurred in traveling in order to serve levies of execution against property.

The sixth cause of action is brought to recover $168.12 mileage fees for expenses incurred in traveling in order to serve levies of execution of garnishee against wages.

The seventh cause of action is brought to recover $717.31 poundage fees on collections on executions against property.

The eighth cause of action is brought to recover $1,255.45 poundage fees on collections on executions of garnishee against wages.

The ninth cause of action is brought to recover $53 for certifying copies of executions of garnishee.

The tenth cause of action is brought to recover $72 for fees for advertising sales of property by virtue of executions.

The eleventh cause of action is brought to recover $48 for making inventories of property attached.

The twelfth cause of action seeks judgment for moneys received by defendants insofar as and to the extent that the defendants have collected execution fees and commissions belonging to the plaintiff in various settlements which it is alleged the defendants entered into with various judgment debtors both before and after the plaintiff had actually levied such executions.

It is the contention of the moving defendant that the fact of his agency was well known to the plaintiff marshal and that in such case the principal alone and not the agent is responsible. In support of such contention the defendant cites various cases indicating the nonpersonal liability of an attorney who acts on behalf of a known client, e.g., in a case where an attor-

ney hires a real estate expert in a condemnation proceeding (*Mulligan* v. *Cannon,* 41 N. Y. S. 279), or in a case where he orders the examination of a title (*Title Guarantee & Trust Co.* v. *Sage,* 146 App. Div. 578), or in a case where he orders the printing of a law case (*Batavia Times Publishing Co.* v. *Hall,* 129 Misc. 197), or in a case involving payment for stenographer's services in a suit (*Bonynge* v. *Field et al.,* 81 N. Y. 159) or in a case involving payment to a physician for services in testifying at a trial. (*Potter* v. *Austin,* 190 N. Y. S. 712.)

The plaintiff, however, contends that a different rule applies with respect to the fees of a marshal and he cites the case of *Campbell* v. *Cothran* (56 N. Y. 279) where the action was brought by a sheriff against an attorney to recover his fees. The defendant attorney in that case asserted that an action to recover fees could not be maintained by a sheriff against an attorney who acted as the known agent of the plaintiff in issuing execution and that the sheriff's remedy, if any, was against the client. In that case, the Court of Appeals said (pp. 280–281): "This question was decided by the Supreme Court in 1810, in the case of *Adams* v. *Hopkins* (5 J. R., 252), in an action brought against an attorney to recover sheriff's fees for arresting a defendant on a *ca. sa.,* and the court held that the attorney who issued the execution was liable. This decision has been followed in subsequent cases. (*Ousterhout* v. *Day,* 9 J. R., 114; *Trustees of Watertown* v. *Cowen,* 5 Paige, 510; *Camp* v. *Garr,* 6 Wend., 535.) "

The succeeding paragraph of the opinion in *Campbell* v. *Cothran* (*supra,* p. 281) aforesaid is most interesting. In the following language, the Court of Appeals paid its respect to the rule of *stare decisis:* " It may well be doubted whether the rule laid down in *Adams* v. *Hopkins,* can be maintained upon principle, or is consistent with the general current of judicial authority elsewhere (*Judson* v. *Gray,* 11 N. Y., 408). But it has been for more than sixty years the law of this State. No practical injustice results from enforcing it, as attorneys act in view of the liability they incur in issuing executions, and it ought not now to be disturbed."

Certainly if the Court of Appeals in 1874 felt that it could not refuse to follow the decision in *Adams* v. *Hopkins* (5 Johns. 252, *supra*) because it then had been the law of this State for sixty years, although the rule there enunciated was questionable in principle and was inconsistent with the general current of judicial authority elsewhere, a justice of the Supreme Court at Special Term, if the facts are similar, should not presume

to decline to follow the said rule which has now been the law of this State for more than 130 years.

In the opinion in the case of *Adams* v. *Hopkins* (pp. 254–255, *supra*) the reason for the rule therein adopted is set forth as follows: " I think also, that the sheriff has a right to look to the attorney for this poundage. He is his immediate employer. The attorney cannot be considered as acting in the character of a known agent, so as to charge the sheriff with giving credit to the principal. The sheriff has no discretionary power left him, whether to perform the service or not. He is bound to execute every legal process delivered to him, before he can demand his fees. (1 *Salk.* 330, 331.) All reasonable security ought therefore to be extended to him, to insure a compensation for his services. He cannot be presumed to be acquainted with the residence or responsibility of parties. Very different is the situation of the attorney. He is not bound to undertake any suit, nor incur any responsibility, without a reasonable indemnity, if suspicious of his employer."

The rule in *Adams* v. *Hopkins* (*supra*) should not be further extended. (*Judson* against *Gray*, 11 N. Y. 408.) The basis for that rule was that the sheriff was bound to execute process before any fees were payable to him and that the attorney and not the sheriff was acquainted with the responsibility of the client. The statute governing the fees sought with respect to the first and second causes of action in this case is section 178 of the New York City Municipal Court Code, the pertinent portions of which are as follows: " Fees shall be allowed and paid to marshals as follows: * * * 3. Upon receiving an execution, one dollar shall be paid to the marshal before the services shall be performed except in an action instituted by a free summons or in an action to recover wages. Where there is more than one defendant fifty cents additional shall be charged."

From the foregoing language it clearly appears that the marshal could have insisted upon payment of the fees sought before doing anything with respect to such executions. In such a case the reason for the rule as enunciated in *Adams* v. *Hopkins* (*supra*) has disappeared and this court should not strive to create a further exception to the general rule that the agent is not liable where he acts for a disclosed principal.

The seventh and eighth causes of action which are for poundage suffer from a similar infirmity. In order to earn poundage the marshal must have collected upon the executions. When the marshal had possession of these moneys he was in a very different position from a sheriff who was obligated to execute

a legal process without fees and without knowledge of the financial stability of the plaintiff. If the marshal chose to pay over the entire amount collected including his fees he should not be permitted to hold the attorney upon the basis of the afore-mentioned ancient rule.

With respect to the twelfth cause of action it may be observed that the marshal is limited to the statutory fees enumerated in section 178 of the New York City Municipal Court Code. Prior to 1942 that section contained no provision for marshal's fees upon settlements and under such circumstances no fees were collectible. (*Hohauser* v. *Municipal Credit Union,* 237 App. Div. 635.) It matters not that these fees may have been collected by the defendants. The only ones who might have a cause of action for the return of such fees are the persons from whom they were unlawfully collected. By chapter 269 of the Laws of 1942, marshal's fees in cases of settlement after levy became payable. This cause of action is based upon alleged settlements where levies were made on executions issued between January, 1939, and July, 1944. Clearly this claim must be broken into two parts. That portion of the claim which relates to settlements prior to March 31, 1942, when the statute last cited became operative, can not be successfully asserted.

It follows that the motion to dismiss the complaint is granted as respects the first, second, seventh and eighth causes of action, and so much of the twelfth cause of action as refers to settle ments prior to March 31, 1942. The motion with respect to the remaining causes of action is denied, upon condition that within fifteen days the plaintiff serve an amended complaint in which he shall allocate to each separate cause of action the proper amount of the credit of $1,512.16 mentioned in paragraph sixtieth of the present complaint, and in which he shall plead anew as to the twelfth cause of action.

Settle order on notice.