Benjamin Brenner, J.
This is a motion by the Sheriff of the City of New York for an order fixing the sum of $100 with interest as poundage due him and directing the payment thereof by plaintiff and his attorney. Plaintiff has cross-moved for an order directing the defendant to pay any amount directed to be paid to the City Sheriff.
The Sheriff asserts that at the time of filing of the execution the attorney for plaintiff gave written instructions not to place custodians or to reduce to physical possession as to the property levied upon. The Sheriff’s deputies informed the person in charge of defendant’s place of business that they were deputy sheriffs and were levying on all of the property of the *926 defendant in said premises, exhibited the execution, made a detailed inventory of the property levied upon and left with him a notice of levy. Thereafter the default judgment, pursuant to which execution had issued, was vacated and set aside and, perforce the execution and the levies made thereunder became ineffectual.
The action taken by the Sheriff, in pursuance of the execution lodged with him, was sufficient to constitute a valid levy (Roth v. Wells, 29 N. Y. 471; Bond v. Willett, 31 N. Y. 102; Matter of Kogan, 141 Misc. 412). He is entitled to poundage upon the removal of the levy following the vacation of the default judgment under subdivision 19 of section 1558 of the Civil Practice Act, and plaintiff’s attorney, in issuing the execution, became personally liable for such poundage. (Adams v. Hopkins, 5 Johns. 252; Campbell v. Cothran, 56 N. Y. 279; Gadski-Tauscher v. Graff, 44 Misc. 418; Ruhloff v. Catts, 174 N. Y. S. 159.) The court may thus require payment of poundage by both the plaintiff and plaintiff’s attorney (Zimmerman v. Engel, 114 N. Y. S. 2d 293; Ruhloff v. Catts, supra).
Plaintiff’s objection that the Sheriff neglected to realize any money from the defendant’s property after execution was filed with him as grounds for denial of poundage is satisfactorily removed by the showing that plaintiff requested delay of physical possession and failed to advance the cost of advertising a sale under the execution, although requested to do so by the Sheriff under the authority of subdivision d of section 1032-9.0 of the Administrative Code of the City of New York.
As to the amount of poundage to be fixed, if the value of the property levied upon was in excess of $3,000 the Sheriff is entitled to have poundage fixed at the sum of $100. The reply affidavit sets forth a consolidated list of the property levied upon with indicated values of the various items. They total $4,195 and appear to be reasonable values to adequately support a determination that the total value is in excess of $3,000. Plaintiff’s affidavit merely alleges as a conclusion that in the opinion of the affiant (an attorney employed by the attorney for plaintiff) the value was nominal and offers no facts to support this conclusion. I therefore must conclude, in the exercise of discretion, that the items which were levied upon are of a value in excess of $3,000 (Nestor v. Bischoff, 123 N. Y. 517, 519).
There is no authority for the proposition advanced by the plaintiff, in support of his cross motion, that the defendant having precipitated this situation through its default, should be directed, on this motion, to pay any poundage that may be ordered. Its default having been set aside, it may reasonably *927 be assumed that the judgment based thereon was unwarranted and entered without fault on defendant’s part. Of course, should the plaintiff ultimately prevail in the action and obtain a judgment, he may then obtain the relief he now seeks and tax the disbursements which he is presently obliged to make to the Sheriff. (Fosdick v. Globe Ind. Co., 189 App. Div. 696.)
Finally, plaintiff’s contention that the Sheriff is not authorized, in law, to proceed by way of motion in this proceeding is untenable. The proceeding is authorized under said subdivision 19 of section 1558 of the Civil Practice Act. (See Ruhloff v. Catts, supra.)
The Sheriff’s motion is granted. Plaintiff’s cross motion is denied. Settle order.