Martin Evans, J.
This is a motion by the Sheriff of the City of New York under 'CPLR 8012 (subd. [b], par. 2) to fix his poundage and levy fees and to direct the payment thereof by the plaintiff and by plaintiff’s attorney; and for a direction to the Clerk to docket the order to be entered hereon, as a judgment.
Plaintiff has defaulted on this motion; its former attorney appears in his own behalf and opposes the relief sought against him. He also cross-moves for an order directing that any award of poundage be made against his former client, the plaintiff herein, or against the defendant or its attorney.
Plaintiff had recovered judgment against defendant and plaintiff’s attorney issued execution to the Sheriff. After levy, on application by the defendant the judgment was vacated upon the performance by defendant of certain conditions. Payment of the Sheriff’s poundage was not one of the conditions imposed, but a bond to secure any eventual judgment was required and was furnished by the defendant.
None of the parties or attorneys dispute the amount claimed by the Sheriff in the total sum of $240.52 and the court, therefore, accepts that figure for the purposes of this motion.
CPLR 8012 (subd. [b], par. 2) provides, in pertinent part, as follows: ‘ ‘ Where an execution is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution and *411 the court may order the party liable therefor to pay the same to the sheriff.”
The last clause in section permits such an order to be made upon motion in an action, and the “ party liable ” is the litigant upon whose behalf and in whose interest the Sheriff acted. In this case, this party was the plaintiff.
Plaintiff Jewelry Realty Corp. does not oppose this application and the motion is granted against the plaintiff. Plaintiff Jewelry Realty Corp. is hereby directed to pay the sum of $240.52 to the Sheriff of the City of New York. Insofar as the Sheriff requests that the order direct the Clerk to docket this order as a judgment, the request is denied. CPLR 2222 provides that the Clerk will docket such an order at the request of a party, and an order is not required for this purpose. (See 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2222.04.)
The court does not pass at this time on the question as to whether such payment by the plaintiff to the Sheriff may be taxable as costs in this action.
To the extent that the motion seeks a direction for payment by the attorney for the plaintiff, the motion is denied.
The rule that an attorney is responsible for fees of a Sheriff was adopted in this State in the case of Adams v. Hopkins (5 Johns. 252). It was based on the view that the Sheriff, not knowing the party and under a duty to act, had the right to look to the attorney as the Sheriff’s immediate employer; this was noted by the court to be an exception to the general rule that an agent for a disclosed principal is not himself liable for a debt incurred on behalf of his principal. The rule was applied against the Sheriff in Ousterhout v. Day (9 Johns. 114) where the court held that the Sheriff, having looked solely to the credit of the attorney, might not look to the client for his fees. It has been held that this rule is to be strictly limited, and not extended. (Judson v. Gray, 11 N. Y. 408.)
Statutory changes have further limited the effect of the rule. As to fees, such as “ levy fees ” under CPLR 8011 (subds. [a], [b]) these are, by statute, payable in advance and are deemed waived by the Sheriff if not collected in advance. (See Allcock v. Cohen, 184 Misc. 620, affd. 269 App. Div. 843.)
Poundage fees based on attachment, as distinguished from poundage fees based on a levy of execution after judgment, have been, by statute, removed from the area of liability of the attorney for a party. (CPLR 6212, subd. [b].)
Thus, the rule laid down in Adams v. Hopkins retains its force solely with relation to poundage fees based on a levy of execution after judgment. Cf. Campbell v. Cothran (56 N. Y. 279) *412 reducing the poundage fees payable by an attorney where, on appeal, a judgment had been reduced and the execution, although not vacated or set aside, was reduced in amount to the reduced judgment.
The rule of Ousterhout v. Day (supra) holding that the Sheriff might not look to the litigant, was changed by statute (see L. 1917, ch. 265) which for the first time provided, as to an execution that was vacated or set aside, that the court or Judge may make an order requiring the party liable therefor to pay the same to the Sheriff. This power did not pre-exist. (See Hall v. United States Reflector Co., 31 Hun 609, affd. 96 N. Y. 629.)
Although Sheriff’s poundage fees are anachronistic in a day and age where the Sheriff is an employee of government, rather than an individual entrepreneur, his salary being paid by government and his fees turned over to the government, and when the presently prevailing philosophy is that the cost of governmental services should not be borne by any one individual (see Hoffman & Co. v. Polarad Electronics Corp., 26 Misc 2d 68), this is a matter for legislative determination.
It is seen, both by the course of legislation and the current of legal philosophy that the rule holding an attorney liable to the Sheriff for Sheriff’s fees is to be strictly limited.
While there is no doubt that the Sheriff has the right to bring a plenary action for his fees against an attorney, his right to obtain this relief on a motion in a proceeding pending between other parties is less than clear. The statutory phrase on which that decision turns is: “ the court may order the party liable therefor to pay the same to the sheriff.” (CPLR 8012, subd. [b], par. 2.)
The decisions are in disagreement as to the meaning of the final phrase in that sentence. In Myers v. Grove (242 App. Div. 637) the court held that the word “party”, referring to then subdivision 18 of section 1558 of the iCivil Practice Act in the phrase, ‘6 the judge or court may make an order requiring the party at whose instance the attachment is issued to pay the same to the sheriff ”, did not include the attorney for the party. In Seymour Mfg. Co. v. Tarnopol (20 Misc 2d 210, 212) the court, referring to subdivision 19 of section 1558, stated that: “it would appear that the summary remedy provided thereby is not available against an attorney as he is not deemed a party within the meaning of said subdivision.”
Contrary to these decisions, are the cases of Gadski-Tauscher v. Graff (44 Misc. 418), Ruhloff v. Catts (174 N. Y. S. 159) and *413 Manni v. Shirtcraft Co. (6 Misc 2d 925, rearg. in 161 N. Y. S. 2d 257).
The sole expression of opinion in the Court of Appeals on this point appears in Personeni v. Aquino (6 N Y 2d 35), a case wherein the execution became null and void but not because it was inserted or set aside and in which the majority denied the Sheriff any right to recover but in which the minority, holding that it would grant the Sheriff a right to recover poundage, refused to do so against the attorney because the application was not made in a plenary action by the Sheriff against the attorney.
To allow such a summary remedy in a pending action rather than to require a plenary action by the Sheriff against the attorney would be to extend, rather than limit the rule of Adams v. Hopkins; might deprive the attorney of defenses such as the defense of a Statute of Limitations, would raise questions of a constitutional magnitude such as service and due process, and appears to be contrary to the weight of judicial authority.