OPINION OF THE COURT
David T. Gibbons, J.
By order of Mr. Justice Bernard Tomson, dated January 11, 1978, this motion by the defendant for an order, pursuant to CPLR 5240, vacating and setting aside the Sheriff’s sale of defendant’s dwelling premises was referred to the undersigned for hearing and determination as to whether the judgment debtor has been guilty of laches, and the procedure for restitution, adjustment and offset, if any, in the event it is determined that the debtor is entitled to a reconveyance of the realty.
After hearing the testimony and receiving the proofs of the plaintiff, Harold Ruthizer, doing business as Roosevelt Hardware, the defendant, Ethel Green, and Benjamin Travitsky, the purchaser at the Sheriff’s sale, appearing herein pro se, the court makes the following findings and conclusions.
*655 The real property, which is the subject matter of this application, is the residence of the defendant, Ethel Green, which is located at 19 Bennett Avenue, Roosevelt, New York. The said realty was obtained by said defendant and her now estranged husband as tenants by the entirety in 1955. She now resides thereat with her children and grandchildren.
As the result of the purchase of a color television set in 1969, a judgment by default in the amount of $471.05 was obtained in the Nassau County District Court by the plaintiff against the defendant on March 13, 1970 and docketed in the office of the Clerk of Nassau County on March 27, 1970. Execution was issued to the Sheriff of Nassau County on February 23, 1972, and the premises were sold at a Sheriff’s sale on June 5, 1972 to Benjamin Travitsky for the sum of $475. From the proceeds of this sale the judgment was partially satisfied to the extent of $204.51. The balance of the purchase price was retained by the Sheriff for his fees.
The defendant first became aware of the action and the execution sale in the latter part of 1973 when her daughter told her that Mr. Travitsky had been on the property and told her that he owned the house.
By order to show cause, returnable on November 10, 1975, the defendant moved in the District Court to vacate the judgment herein. That motion was based on the defendant’s allegation that she had not been served with a summons and complaint in that action and that the judgment is void for want of jurisdiction. In her moving affidavit she stated that due to recurrent illness since she discovered the existence of the outstanding judgment in 1973, she did not apply until 1975 to vacate the judgment.
The plaintiff, in opposition to defendant’s motion contended that she had been served with process and that relief should be precluded because of laches.
The motion in the District Court was resolved by stipulation on the record under which the said judgment was vacated, and the same was "so ordered” by the court on December 4, 1975.
The stipulation provides as follows:
"me. Ambrose: It is hereby stipulated and agreed by and between the parties herein, and their attorneys, that the judgment of this Court entered March 13, 1970, in the civil *656 action bearing Index #644 of '70, is vacated on the following terms and conditions:
"1. Disputed service of February 7, 1970 is hereby vacated.
"2. The default of March 13, 1970 is vacated and Defendant Ethel Green is permitted to appear in the action.
"3. The action is settled for the additional payment of $300.00 to be paid by Ethel Green at the rate of $20.00 per week for 15 consecutive weeks beginning December 12, 1975.
"4. Until such time as payment is completed, the judgment entered March 13, 1970 shall remain as security for payment.
"the court: Okay. So ordered.”
From the exhibits before the court, it appears that the said sum of $300 was paid to the plaintiff on February 18, 1977, as evidenced by plaintiff’s receipt.
This application was brought on by order to show cause, dated October 31, 1977, which was served by mail on that day to the defendant’s attorney and Mr. Benjamin Travitsky.
In his affidavit in opposition, the plaintiff contends that "The use of the word 'additional’ in paragraph 3 of the stipulation shows clearly that plaintiff was to retain the $204.51 received some three years earlier and that the $300.00 to be paid by defendant was to be added to this amount to satisfy the total debt of $471.05 plus interest”. Thus, the total indebtedness aggregated a total of $504.51, which included $471.05, the amount of the judgment, plus $33.46 in interest. Such indebtedness was paid in full by the sum of $204.51 resulting from the Sheriff’s sale plus the sum of $300 paid under the stipulation.
The respondent Ben Travitsky, by his affidavit in opposition, contends that (1) his rights as a purchaser for value cannot be vacated away by a debtor and creditor five years after the sale has taken place, and that (2) the defendant is barred by laches.
Upon the facts and circumstances herein, the court finds that there is no merit to the contentions advanced by the respondent Travitsky. His rights in the real estate are no greater than the judgment upon which the Sheriff’s sale was conducted, and when it was adjudged that the underlying judgment was obtained in the absence of jurisdiction over the defendant, it was no longer a viable basis upon which any rights to the land may rest.
The applicable rule of law is stated in McCracken v Flana *657 gan (141 NY 174, 178), when, in determining that a Sheriffs deed was a nullity where the judgment was voided, the Court of Appeals held: "The court having held that the judgment was void, it had vitality for no purpose and could be assailed by any person who had an interest to assail it, or who could be affected by it. The judgment and the sale under it in no way affected Kahle’s title, and his subsequent conveyance of the land was just as effectual as if the judgment had never in form been entered against him.” And where no property right in the land was acquired by Mr. Travitsky because of a void judgment, no such rights may be created for him on the basis of a claim of laches on the part of the defendant who has at all times been in possession of the property.
Where, as here, a Sheriffs sale upon an execution, and the resulting Sheriffs deed is set aside because of the failure of the underlying judgment, the following provisions of CPLR 5237 must be applied: "The purchaser of property sold by a sheriff pursuant to execution or order may recover the purchase money from the judgment creditors who received the proceeds if the property is recovered from such purchaser in consequence of an irregularity in the sale or a vacatur, reversal or setting aside of the judgment upon which the execution or order was based. If a judgment for the purchase money is so recovered against a judgment creditor in consequence of an irregularity in the sale, such judgment creditor may enforce his judgment as if no levy or sale had been made, and, for that purpose, he may move without notice for an order restoring any lien or priority or amending any docket entry affected by the sale.”
Inasmuch as the respondent, Benjamin Travitsky, had paid the sum of $475 at the aborted Sheriff’s sale on June 5, 1972, he is entitled to a return of said sum of money from the plaintiff with interest thereon from June 5, 1972. And, since the sum of $204.51, which was derived from the Sheriff’s sale had been applied on account of the defendant’s indebtedness to plaintiff, the defendant shall reimburse the plaintiff in such amount with interest from June 5, 1972. The plaintiff shall pay all charges for Sheriff’s poundage, if any, pursuant to CPLR 8012 (Jewelry Realty Corp. v Newport Assoc., 64 Misc 2d 409).
Accordingly, upon payment of the sum of $204.51, with interest as aforesaid, by the defendant to the plaintiff, the execution issued and delivered to the Sheriff of Nassau County *658 on February 23, 1972 and the deed for such real property from the Sheriff of Nassau County, as grantor, to Benjamin Travitsky, as grantee, is hereby declared to be null and void, and the title to said real property is hereby declared to be in the defendant, and the order to be entered hereon shall direct the Clerk of the County of Nassau to mark the said Sheriffs deed canceled of record with a notation referring to said order.