## Case No. 9,378.

### In re MEALY.

[2 N. B. R. 128 (Quarto, 51).] [1]

District Court, N. D. New York. 1868.

BANKRUPTCY—FEES—BY WHOM PAID—FURTHER STATEMENTS BY BANKRUPT.

The party for whom services are performed by the officers of the court must pay the fees incident to such service. A creditor is only bound to pay expenses of his own examination. A bankrupt making further statements, after creditor's examination is closed, must pay his own expenses.

[Criticised in Re Noyes, Case No. 10,370.]

A creditor had obtained an order for the examination of the bankrupt [Stephen A. Mealy] and other witnesses in respect to the property, &c., of the bankrupt, and upon that examination it was insisted by the bankrupt that the creditor was bound to pay not only the register's fees for the direct examination of such bankrupt and witnesses, but also fees charged for taking down the statement of the bankrupt on the so-called cross-examination of the bankrupt by his own counsel, and the fees for taking down the bankrupt's cross-examination of the witnesses produced and examined by the creditor. The register being of opinion that the creditor was bound to pay such fees, the question was certified to the district judge.

HALL, District Judge. The general rule in regard to the payment of the fees of officers of the court undoubtedly is that such fees must be paid, in the first instance, by the party or persons for whom the service is performed; subject, of course, in respect to the party upon whom the burden shall ultimately rest, to the decree or judgment of the court upon the final disposition of the case. This rule is applicable in its full force to the case above presented, and the creditor is only bound to pay the expenses of his own examination of the bankrupt and the direct examination of the witnesses produced by such creditor, and of his cross-examination of the witnesses produced by the bankrupt. The rule suggested by the register might lead to great abuses, and the fact that a bankrupt might, after the direct examination was closed, go on and charge the opposing creditor with large sums for taking down an irrelevant statement requires that the general and proper rule should be vigorously adhered to.

If the bankrupt make further statements, after his examination by the creditor is closed, he does so as a witness in his own behalf, and must pay the expenses of his examination—the same as those of the examination of any other witness called by him.

The rule which should govern in cases of this character is, in substance, that laid down by Chancellor Walworth in Trustees of Watertown v. Cowen, 5 Paige, 510.