## Case No. 1,766.

### BRADFORD v. BRADFORD et al.

[2 Flip. 280.] [1]

Circuit Court, W. D. Tennessee. Nov. Term, 1878.

COSTS — SECURITY — PRACTICE IN CASES WHERE PARTIES CANNOT FURNISH PROSECUTION BOND.

A party, who is unable to give security for costs, may, notwithstanding, prosecute his suit if he make an oath that owing to his poverty he is unable to give security, and a respectable attorney shall certify that he has examined the grounds on which it is proposed to bring suit, and is of opinion that it possesses merit, and that the plaintiff is entitled to a recovery.

[Cited in Ferguson v. Dent, 15 Fed. 774; Thomas v. Thorwegan, 27 Fed. 400; The Georgeanna, 31 Fed. 406; The Phoenix, 36 Fed. 272. Overruled in Roy v. Louisville, N. O. & T. R. Co., 34 Fed. 276.]

At law. In this cause, Wm. S. Flippin (G. Gantt was with him,) moved for an order directing the clerk to issue the necessary process which would enable the plaintiff to commence his action. He stated that plaintiff had some time ago brought suit in this court against the defendants, but, being ruled to give other security, had not been able, owing to his poverty, to do so, and that consequently his cause had been dismissed. He now proposed to renew the suit before the twelve months had expired which the law grants to parties litigant, where their causes have been dismissed for other reasons than trials upon the merits. [Motion granted.]

BAXTER, Circuit Judge. There is no statute of the United States requiring plaintiffs prosecuting suits in this court to give bonds for costs. This matter has been regulated by a rule of the court. The rule requires a bond or a deposit of money to secure payment of costs in the event of a nonsuccessful prosecution of the suit. But no provision has been made for suits in forma pauperis. The applicant, now before us, insists that the statute of the state upon this subject is controlling. We do not concur in this opinion. Section 3192 of the Code of Tennessee authorizes any person who will make an affidavit that "owing to his poverty, he is unable to bear the expenses" of the suit he proposes to bring, and that "to the best of his belief," he is "justly entitled to the redress sought," may "commence his action without giving security." The affidavit offered in this case conforms to the requirements of that act. But as already stated, this statute is not imperative upon us. It makes the party proposing to sue, the judge of his right to redress. Such judgment involves the necessity of passing on the law and the facts of the case. Parties are not ordinarily good judges in their own cases. If competent, they may not be impartial.

For these reasons we decline to accept the state statute as a rule of this court. But cases may arise possessing merits, in favor of persons too poor to secure costs. For such cases some provision ought to be made. The rule of the English courts adopted and acted on by some of the American courts, commends itself to our judgment as being best calculated to protect this court as well as defendants against frivolous and harassing litigation. If the applicant will supplement his affidavit by the certificate of any reputable attorney of this court, to the effect that he has investigated the case and believes the applicant has a good cause of action, he will be permitted to bring and prosecute his suit in forma pauperis.

HAMMOND, J., concurred.

The following order was entered: "Wednesday, February 12, 1879. Wm. Bradford, Assignee and Surviving Partner, vs. Philip Yancey, Adm'r of Hiram S. Bradford, Dec'd, Alsey Bradford and Robert Morris. In this cause, on motion of plaintiff's attorneys, asking leave to bring this suit in forma pauperis, the court permits the same to be done on condition that the usual oath required under the state law as to insolvency and poverty be first made, and that attorneys of plaintiff shall certify to the fact that they have examined the facts of the case, and find it possesses merit, and they believe that plaintiffs are entitled to a recovery."

NOTE [from original report]. In the admiralty, in cases of persons filing libels being unable to give the required stipulation, it is proper to take an oath like this:

"United States of America, District of West Tennessee—ss. Cary Southworth, being duly sworn, deposes and says that to the best of his knowledge and belief, the allegations in the foregoing libel are true, and that he is entitled to the redress sought by this suit, to the best of his belief, and that owing to his poverty he is not able to bear the expenses of this suit, nor to give the bond and security required. [Signed.] Cary Southworth.

"Acknowledged, subscribed and sworn to by the above named affiant this 4th day of November, in the year of our Lord, eighteen hundred and eighty, before me, at my office, in the city of Memphis, in said district. H. E. Andrews, Clerk of the U. S. District Court for the Dist. of W. Tenn."

On which the order of the judge follows:

"Allow this libel to be filed, upon the plaintiff giving the proper juratory security and taking the requisite oath.[2] November 4, 1880. E. S. Hammond, U. S. District Judge."

The following form has been used in the district court of West Tennessee, for a juratory caution or stipulation. It is believed to contain all that is essential. It must be understood, however, that the judge for said district is expected in all such cases to order the clerk to file the libel before the same shall be actually done, and he refuses in actions of tort to direct attachment to issue against vessels, unless the customary stipulation, with approved security, shall have been given:

"In the District Court of the United States for the Western District of Tennessee. Cary

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

[2] [See Thomas v. Thorwegan, 27 Fed. 400.]

Southworth against John D. Adams and James Lee, Jr., Owners of Steamboat Ouachita Belle. In the above named cause, civil and maritime, wherein Cary Southworth is libellant and John D. Adams and Jas. Lee, Jr., owners of the steamboat Ouachita Belle, are defendants: On this, the 4th day of November, 1880, the said Cary Southworth appeared personally, and stipulated in the sum of two hundred and fifty dollars to prosecute this said cause, and to pay all costs and expenses which may be awarded against him herein by the final decree of this court, and in case of appeal, by the appellate court, and to appear on return day of the process in this cause, and on the 4th Monday of November instant; and the said Cary Southworth makes oath that he will appear on those days and as often thereafter as he shall be ordered by the court, and that he will pay all costs and expenses which may be awarded against him. [Signed.] Cary Southworth. "Sworn to and subscribed before me this 4th day of November, 1880. H. E. Andrews, Clerk."

Judge Hammond has obligingly furnished to the reporter the subjoined note:

The strict practice requires, perhaps, that the oath of the libellant to his poverty shall be supported by other proof of the fact, but I find no American rule that requires more than his own affidavit; and this is in analogy to the practice in other courts where the suitor sues in forma pauperis. But no doubt, by like analogy, if the oath be false, the adversary party may show that fact, and the privilege of suing without a bond for costs would be denied or revoked. It is said by some of the authorities that the juratory caution is disused in modern practice but acts in relief of an indigent suitor by mitigating his bail or exonerating him wholly from giving it. This has been done, no doubt, by rule in some of the districts, notably by rule No. 143 of the eminent Judge Betts; but in the absence of a rule to that effect the works on practice seem to require it. Exemption from giving security does not necessarily mean exemption from liability to pay the costs, and the juratory caution only secures by the oath of the party that liability which exists in courts of law and equity, and generally under the statutory regulations permitting poor persons to sue without security. It may be waived, as the ordinary stipulation with sureties may be, by the adversary party's failure to demand it, but that the proper practice requires it seems clear. Whether the party would be liable for costs, as at law, in the absence of the stipulation by juratory caution may be doubtful under the civil law. The very term, juratory caution, means a stipulation by oath without sureties, and, if it be not required, it is a misnomer to call the proceeding by that name. Under the civil law, cautions with respect to the manner in which they were taken, were: Cautio fide jussoria, (by sureties); Pignoratitia, (by deposit); Juratoria, (by oath); Nude Promissoria, (bare promise).

Where the suitor was excused from furnishing sureties, he was sometimes required to take the oath of calumny, as were also the attorneys or proctors which, besides the averment that the party believed the cause to be just, as is now required in all cases of suing in forma pauperis, contained a further averment that the suit was not instituted in malice; but the forms I have found do not contain this averment. In a note to Strahan's translation of Domat's Civil Law (A. D. 1722) it is said: "As to what the Roman law directed in relation to caution being given by all plaintiffs and defendants for prosecuting and defending the suit, and paying what should be adjudged, either for damages or expenses, this is strictly observed in the high court of admiralty of England." But according to Coote the requirement of a juratory caution is now limited to suits for wages. The bail required is always

£30, and the plaintiff must also give the juratory caution. The form of affidavit requires that he shall swear that he has diligently endeavored, but has not been able, to procure any friend or other person to be bail in the sum demanded; that he is not worth the sum to deposit as security, and is willing to give his own bail. With us it is believed the rule is generally adopted in most districts that the libellant in suits for wages and for salvage, where the salvors have come into port in possession of the property libelled, shall not be required to stipulate for costs. Such is the rule in this district, except that when the defendant comes in, if he shows that the libellant is able to give bond, the court will require it as in other cases.

Practically, it is, perhaps, of small importance whether a really indigent suitor gives the juratory caution or not; and it may be that irrespective of the rules of the civil law on the subject, there would always be, under our common law jurisprudence, an implied assumpsit to pay, at least his own costs, in all cases; but the privilege of suing as a poor person does not imply absolute exemption from liability to pay all costs, and as there is danger of imposition by parties able to pay who seek a refuge from the liability by appealing to this indulgence, it is well enough, it seems to me, to follow the strict practice and take the juratory caution in all cases. It is presumed that the civil or admiralty law originally demanded in the juratory caution nothing more than the security of the parties' oath, but in some modifications of it in the Scotch courts, and perhaps elsewhere, the court requires an inventory under oath of the suitor's effects, and these are assigned in security of the sums which the court may decree. It is possible this applies only to that class of stipulations required of a defendant or of a plaintiff to pay damages and not to mere stipulations for costs or expenses of the suit. It seems that the civil law is more cautious and protective in these matters of stipulations to secure parties than the common law. Consult the following authorities: Ben. Adm. 296; Conk. Pr. 463; 2 Conk. Adm. (2d. Ed.) 585; Id., 119, 199; 2 Pars. Adm. (Ed. 1859) 697, 729; 2 Pars. Shipp. & Adm. (Ed. 1869) 417, 479; Betts, Adm. (Ed. 1838) 27; Id., Append. 433; Cootes, Adm. 52, 252; 1 Browne, Civ. Law, 361; 2 Browne, Civ. Law, 357, 411; Clerke, Praxis Adm. tit. 11, 13, 14; 1 Dom. Civ. Law (Strahan Ed. 1722) p. 393, tit. "Cautions," bk. 3, tit. 4; Bouv. Dict. (Ed. 1870) words "Caution," "Caution Juratory," "Juratory Caution," "Juramentum Calumniae;" Polydore v. Prince [Case No. 11,257]; The Edwin, 3 Hagg. Adm. 364; Annotated Rules Mich. Dist. Rule 9, cites The Sophie, 1 W. Rob. Adm. 326; The Volant, Id. 383; The Franz and Elize, Lush. 377; The Peri, Id. 543; The Wild Ranger, Id. 553; The Mary, L. R. 1 Adm. & Ecc. 335; The Great Britain [Case No. 5,736]; Polydore v. Prince, supra; The Arctic, Case No. 509a].