## THE GEORGEANNA.

### BERHAUS and others *v.* THE GEORGEANNA.

*(District Court, S. D. New York. May 24, 1887.)*

1. ADMIRALTY—PRACTICE—ARREST OF VESSEL—MARSHAL'S FEES.
   The marshal, in preserving property arrested under process, acts as bailee, and is responsible to all parties interested for its proper care. In the absence of any statute or rule of court, he is entitled to be paid his fees at the time he delivers up the property by the person entitled to receive it.

2. SAME—REV. ST. U. S. § 857—STATE PRACTICE.
   The state practice, as respects fees of the sheriff upon arrest of a vessel or other property by attachment or replevin, requiring the payment of the sheriff's fees by the person receiving the property, is made applicable by section 857 of Rev. St. U. S. The English practice in admiralty is the same.

3. SAME—DISTRICT COURT RULES 45 AND 65—CASE STATED—LACHES.
   The libelants sued as seamen, under rule 45, without giving security. The vessel was arrested, and 19 days afterwards was released on a deposit by the claimant in the registry of the amount sued for, with interest, costs, and officer's fees, under rule 65. The libel, on trial, was dismissed. *Held,* that the object of rule 65 was not to deprive the marshal of his security for fees, but to confirm and regulate it; that he was entitled to be paid his fees out of the

deposit in the registry; and that it was laches in the claimant not to apply to the court, under rule 45, immediately upon arrest of the vessel, to require security from the libelant, or the release of the vessel.

In Admiralty.

*Fowler & Hitchcock,* for the marshal.

*Biddle & Ward,* for the steam-boat.

BROWN, J. After the arrest of the steamer in the above cause, the claimants, pursuant to rule 65 of this court, paid into the registry the amount sworn to be due in the libel, with interest, and the costs of the officers of the court already accrued, together with the sum of $250 to cover costs, and thereupon received the delivery of the vessel from the marshal. Upon the trial, the libelants were adjudged to have no lien, and the libel was dismissed. The claimants now demand the return of the whole money deposited, without any deduction for the marshal's fees, which it is contended they ought not to be required to pay, as they are adjudged without fault; while the marshal claims his fees out of the deposit, because deposited for his security, and because he has no other means of obtaining payment for his necessary expenses in keeping the vessel under the mandate of the court.

The libelants sued as seamen, and as such were privileged, under rule 45 of this court, to sue without giving any security for costs in the first instance. Being irresponsible, a mere judgment against them for costs would be of no value to the respondents, if the latter were required to pay the fees, and then tax them against the libelants. This, however, is only one of the ordinary incidents of litigation. *The Adolph,* 5 Fed. Rep. 114. The exception in favor of seamen made by rule 45 is in consideration of their necessitous condition, and their presumptive inability to give the ordinary security required in admiralty causes. It is one result of the protection afforded them as wards of the admiralty. This is in conformity with the ancient usage, which, as in the practice in common-law actions permitting suits *in forma pauperis,* dispensed with sureties in suits by poor persons, and allowed instead thereof a juratory caution. The latter is now rarely used. *Polydore* v. *Prince,* 1 Ware, 402; 2 Brown, Civil & Adm. Law, 357, 410; Clerk, Pr. art. 5; Hall, Adm. Pr. 13; Ben. Adm. § 502; *Bradford* v. *Bradford,* 2 Flip. 280.

Even the old law of the Twelve Tables recognized this distinction in favor of poor persons, by declaring that "only a rich man shall be security for a rich man, but any security shall be sufficient for a poor man." Tab. 1, sub. 6; Coop. Just. 656. In some districts, moreover, security is not ordinarily required, in the first instance, from libelants residing within the district. See Northern district rule 12. I have not found, however, any adjudication in an admiralty cause as to who is to be held responsible to the marshal in cases like the present.

In the *Case of Mealy,* 2 N. B. R. 128, Judge HALL says:

"The general rule in regard to payment of the fees of officers of the court undoubtedly is that such fees must be paid, in the first instance, by the parties or persons for whom the service is performed, subject, of course, in re-

spect to the party upon whom the burden shall ultimately rest, to the decree or judgment of the court upon the final disposition of the case."

In the Seventh and Eighth circuits it has been held that the clerk and the marshal are authorized to demand payment of their statutory fees in advance. *Cavender* v. *Cavender*, 10 Fed. Rep. 828; *Dvy* v. *Knowlton*, 14 Fed. Rep. 107. By the twenty-ninth rule of the supreme court in bankruptcy, it is provided that the "fees of the register, marshal, and clerk shall be paid or secured in all cases before they shall be compelled to perform the duties required of them by the parties requiring such service." I do not find any similar statute or rule applicable to other than bankruptcy causes.

By section 857, Rev. St. U. S., it is provided that "the fees of officers, except those which are directed to be paid out of the treasury, shall be recovered in like manner as the fees of the officers of states respectively for like services are recovered." The services of the marshal upon the arrest of a vessel are so precisely analogous to those of a sheriff upon the arrest of ships, or other chattels by attachment, or upon replevin, that the marshal's services might be deemed covered by the statutory expression "like services," and his fees, under the long-settled law of this state, recoverable, therefore, from the attorneys and solicitors at whose request the process is executed, if there were no other mode of payment provided by law. *Adams* v. *Hopkins*, 5 Johns. 253; *Ousterhout* v. *Day*, 9 Johns. 114; *Trustees of Watertown* v. *Cowen*, 5 Paige, 510.

It has long been the practice, however, under the law of this state, that, upon the discharge of attachments against vessels or other property, or on the release of property taken upon replevin, the sheriff's fees must be paid at the time by the person who receives the property. New Code Proc. §§ 709, 1702; Old Code, § 215. A similar express rule has long existed in the English admiralty practice, requiring the proctor who obtains an order for the release of property from the marshal "to pay at the same time all costs, charges, and expenses attending the care and custody of the property while under arrest, and the marshal shall thereupon release the property." Rules 1859, No. 52; Williams & B. Adm. Pr. App. 32.

The justice of the above provisions is evident from the fact that the marshal is, in effect, the bailee of the property in his charge, for the benefit of all the parties to the cause. Acting under the mandate of the court, he is responsible to each and all of the parties interested for the due delivery of the property as finally determined. If the property is lost or damaged by his fault, he is responsible for the loss or damage. Upon delivering the property to the person entitled to it, he is therefore entitled to the payment of his fees for preserving it, because he has kept it for the recipient's benefit. In the absence of some other provision of law, or of the rules of the court, his right to the payment of his fees should be protected, as much as the lien of any ordinary bailee arising under an express contract. The fact that the libelant, or his proctor, may be liable, as the employer of the marshal, does not conflict with this right to payment on delivery for charges in protecting the property.

See Story, Bailm. §§ 128, 131, 620; *Phelps* v. *Campbell*, 1 Pick. 59, 61; *Sewall* v. *Mattoon*, 9 Mass. 537. Upon the release of a vessel upon a bond given under the statute of 1847, the claimant, according to the practice of this district, does not pay the officer's fees, in view of the positive requirements of the act, which does not provide for such payment; but, upon a release, on the ordinary "stipulation for value," the marshal's fees are paid by the claimant, in accordance with the general practice above indicated.

The payment of the officer's fees into the registry, under rule 65, was not intended to deprive the officer of his security for the payment of his proper fees, but rather to confirm his rights, as determined and regulated by the court. He must, therefore, be paid his fees in this case from the amount in the registry, and the claimant will include these charges in his judgment for costs against the libelant. The situation is the same as though he had paid the same charges upon executing a stipulation for value.

The fact that the libelant may be irresponsible is, as I have said, one of the incidents of litigation, and cannot prejudice the marshal's rights. The chief part of these charges has in fact resulted from unexplained delay on the part of the defendant in releasing the vessel from custody. It was 19 days after her arrest before the deposit for her release was made. The claimants might have applied to the court, under rule 45, immediately after the arrest of the vessel, and required security or her discharge. This provision in rule 45 was evidently designed to prevent the accumulation of fees from just such causes as the present. So far as appears, therefore, the charges complained of have resulted mainly from the claimant's own laches.