### ROY v. LOUISVILLE N. O. & T. R. Co.

*(Circuit Court, W. D. Tennessee. March 7, 1888.)*

INFANCY—RIGHT TO SUE IN FORMA PAUPERIS.

 Neither the pauper's oath of an infant plaintiff nor that of his next friend can entitle them to sue without security for costs.

At Law. *Ex parte* application by an infant to sue *in forma pauperis.*

*O. P. Lyles,* for the motion.

HAMMOND, J. This is an *ex parte* application by an infant plaintiff to sue *in forma pauperis.* He is a citizen of Arkansas, and his declaration, presented with his application, alleges that he was personally injured by the negligence of the defendant company, while traveling as a passenger on its train. He accompanies his application with an oath of his own poverty, and also the oath of his next friend as to his poverty, likewise; and he presents a certificate of a good cause of action by a reputable attorney, as required by our ruling in *Bradford* v. *Bradford*, 2 Flip. 280.

It is thoroughly well-settled in Tennessee, even under the liberal statutes of our state, that an infant plaintiff cannot sue *in forma pauperis.* Mill. & V. Code, §§ 3912, 3913; Thomp. & S. Code, § 3192; *Green* v. *Harrison*, 3 Sneed. 131; *Brooks* v. *Workman*, 10 Heisk. 430; *Cargle* v. *Railroad Co.*, 7 Lea, 717; *Sharer* v. *Gill*, 6 Lea, 495. We held in *Bradford* v. *Bradford*, *supra*, for sufficient reasons, that the Tennessee statute was not binding on the federal court. Not because the state practice is not binding on us, but because, as we thought, it is not a question of practice at all, but a statutory privilege or right conferred upon a party, which was limited in legislative authority to the state courts—the right, namely, of the party to determine for himself the fact of his poverty, and that he had a reasonable cause of action. Outside the statute, those were matters of judicial determination by the court, and we thought the legislature of the state could not deprive the federal courts of the right to determine for themselves the facts of the case, or prescribe for them a statutory rule of judgment. It is now insisted that under that decision the above-cited cases are not binding on us, and that the plaintiff has the right to sue in this court *in forma pauperis.* At common law no plaintiff had any such right, it being a purely statutory privilege. But here costs and fees must not be confounded, for at common law no such thing as costs was known, the right to them being likewise a statutory privilege; that is to say, the right of a party to the suit, either plaintiff or defendant, to recover, if prevailing in the suit, the expenses of his own side of the litigation, was unknown to the common law. So, too, the right to demand security for those costs after the statute of Gloucester (6 Edw. I. c. 1) was unknown to the English law, except in two cases —*First*, where a *prochein ami* was suing in behalf of an infant he was required to give security for costs; and, *secondly*, if the plaintiff resided, or was about to go out of the jurisdiction. At common law, indeed,

an infant could not sue except by his guardian, and it was by a statute that the privilege of suing by a *prochein ami* became established; and one of the conditions of the privilege was that the *prochein ami* should give security for costs. As to fees,—that is, as to one's own expenses of litigation, whether plaintiff or defendant,—they were always to be paid as the cause progressed to the officers or others entitled to them for the services rendered, and the litigant could no more expect to get these services for nothing, or on a credit, than he could expect to so obtain other work or labor performed for him. But by the statute 11 Hen. VII. c. 12, for the first time paupers were allowed to sue as plaintiffs without paying these fees, which privilege they obtained by petition upon their affidavit of poverty and certificate of counsel that there was a good cause of action. Hence these applicants were not to be relieved of giving *security for costs*, but to be allowed "to carry on the cause" without paying the *fees* due for one's own expenses of litigation. But not only were infants not allowed this privilege, but their *prochein ami* was required to secure to the other side his costs, as we have seen; and this was one of only two or three instances where any plaintiff was required to give such security. Moreover, if an irresponsible person were admitted as next friend of an infant, the court would substitute one that should be responsible, and be able to give the security to the other side. 2 Sell. Pr. 64, 82, 428–449; 1 Tidd, Pr. 98–100; 3 Chit. Pr. 633; 7 Bac. Abr. (Bouv. Ed.) 420, tit. "Pauper;" 2 Jac. Fish. Dig. 2679, tit. "Costs;" Id. 2654; 5 Jac. Fish. Dig. 6467, tit. "Infant;" Id. 6471; 6 Jac. Fish. Dig. 9843, tit. "Pauper;" *Lees* v. *Smith*, 5 Hurl. & N. 631; *Watson* v. *Fraser*, 8 Mees. & W. 660; *Mann* v. *Berthen*, 4 Moore & P. 215; *Selby* v. *Alston*, 1 Term. R. 491; *Anonymous*, 1 Wils. 130; *Noke* v. *Windham*, 2 Strange, 694; *Throgmorton* v. *Smith*, 2 Strange, 932. Some of the latest cases seem to intimate that under some circumstances this rule might be relaxed, but I find no case where it was done by admitting a pauper next friend to sue, though there may be cases where the court refused to remove one becoming insolvent after suit brought. Some of the cases cited in the digest are not accessible to me for examination. The chancery court was more liberal, and it is difficult to answer the argument there made that, if infants were to be deprived of the benefit of the statute allowing paupers to sue *in forma pauperis*, a great injustice might sometimes be done to them. But even in that court there was a difference of opinion as to the correct practice. 1 Daniell, Ch. Pr. (1 Eng. Ed.) 103, 40; Id. (1 Amer. Ed.) 41, 99, and notes; 1 Smith, Ch. Pr. (2d Amer. Ed.) 550; 1 Hoff. Ch. Pr. 67; Story, Eq. Pl. § 50. So, too, courts of admiralty are far more liberal. *Bradford* v. *Bradford*, *supra*, note. Still, the reasoning of the common-law courts for excluding infants from the benefit of the statute is not without much force. Not only frivolous and unsubstantial, and therefore vexatious, suits might be brought by irresponsible next friends of infants, but even their good causes of action may be prejudiced by the intermeddling of such irresponsible persons, while if left till they arrive at age, they being meantime protected by the statute of limitations in its

saving clauses, they could sue with more effect; though it must be admitted that loss of evidence from such lapse of time would be dangerous, oftentimes, perhaps, fatal. Nevertheless, we cannot make the law here. The plaintiff not being entitled to sue *in forma pauperis*, either under the state statute or under the general law, in suits at law, we cannot by judicial action confer the privilege. Application refused.