## UNITED STATES v. EIGHT CASES OF PAPER.

(District Court, S. D. New York. December 14, 1899.)

CUSTOMS SEIZURES—BOND FOR DELIVERY OF GOODS—COSTS.

Under Rev. St. § 938, a claimant of goods seized by the United States for undervaluation, under the customs laws, on giving the bond therein required, is entitled to have the goods delivered to him, and cannot be required, as a condition precedent to such delivery, to pay the costs incident to such seizure. The government is amply protected as to such costs by the bond in case of recovery, and the omission of the section to require their payment in advance must be regarded as intentional.

This is a motion, by the claimant of goods seized by the customs officers for undervaluation, for an order for the delivery of the goods, the bond prescribed by statute having been given.

Stephen G. Clarke, for the motion.

Henry L. Burnett, U. S. Dist. Atty., and Arthur M. King, Asst. U. S. Dist. Atty.

BROWN, District Judge. The above goods, imported by the steamer St. Louis, were seized for undervaluation under the customs laws while in the custody of the collector. After publication of process, the claimant of the goods appeared, paid the duties, and gave a bond pursuant to section 938 of the Revised Statutes in order to obtain possession, and now moves for a delivery order. For the government it is objected that the cost of publication, amounting to about $41, should be paid by the claimant to the marshal before delivery of the goods.

The claimant is entitled to a delivery of the property to him upon compliance with the conditions of section 938, without any additional charge for costs or expenses in the suit. It is admitted that the claimant has complied with all the express conditions of section 938; and the section thereupon declares that:

"The court shall by rule order such vessel, goods," etc., "to be delivered to such claimant; * * * and if judgment passes in favor of the claimant, the court shall cause the said bond to be canceled; but if judgment passes against the claimant, and the claimant does not within 20 days thereafter pay into the court * * * the appraised value with the costs, judgment shall be granted upon the bond on motion in open court without further delay."

Besides the bond given, a further stipulation for costs has also been given, which embraces the marshal's expenses for publication and otherwise, so that the government is abundantly secured. As no costs, however, are granted against the United States, the claimant, if required to pay the costs of publication in advance, as a condition of receiving the delivery of his goods, could not recover against the United States the costs thus paid, even though he should prevail in the suit. The omission of a requirement that the claimant should pay any costs as a condition of receiving delivery on bonding, should, therefore, be regarded as an intentional omission, in order that equal justice may be done, whatever the event of the suit.

The practice is the same upon ordinary arrests of property in suits in rem in admiralty, when a bond for the release of vessel or goods arrested is given to the marshal under section 941, Rev. St. It has been the long and constant practice of the court in such cases, to require the delivery of the property without any payment to the marshal of his fees or costs, since the statute does not attach any such requirement to the obligation to discharge the vessel or property from arrest. Dist. Ct. Rule 20; The Georgeanna (D. C.) 31 Fed. 405, 408.

The motion is granted.