EQUITABLE LIFE ASSUR. SOC. *v.* HUGHES *et al.*

(*Supreme Court, Special Term, Kings County.*   January 20, 1890.)

COSTS—TAXATION IN FORECLOSURE SUITS—SEARCH OF TITLE.

Under the statute and rules of practice of New York, fees paid by complainant, in foreclosure suits, for searches of title, are only taxable in the costs when the searches are official.

The Equitable Life Assurance Society sued one Hughes and others, to foreclose a mortgage, and recovered judgment.   The clerk of Kings county refused to tax to plaintiff, in adjusting the costs, items paid by it to the Lawyers' Title Company, for searches of title.   Upon motion of plaintiff at the special term, Mr. Justice CULLEN corrected the taxation of costs, and allowed plaintiff these items.   The clerk moved for a rehearing, and filed affidavits to show that it was customary for the clerks of the different courts to tax as costs fees for official searches only.

*George Waddington* and *Lord, Day & Lord,* for complainant.   *William P. Rhodes* and *Martin J. Keogh,* for the clerk.

CULLEN, J.   I feel constrained to reverse my former decisions as to the right to tax disbursements for searches made by the various title companies. Upon the former argument, I was under the belief that allowances for searches in foreclosure actions were of recent date, and resting for authority only on the practice of the profession.   Chapter 342, Laws 1840, relative to the expense of foreclosure suits in chancery, by section 13 prescribes the fees of clerks and registers for official searches.   I am not clear that this refers particularly to foreclosure suits.   On the contrary, it seems to be a regulation of the fees of the officers named for searches for any purposes.   But a reference to works on chancery practice shows that it was the custom to allow expenses of searches by the clerk of the court for judgment, etc.   In *Trustees* v. *Cowen*, 5 Paige, 510, the general rule of practice is enunciated that fees for services rendered by all officers of the court in the prosecution of suits in chancery may be allowed the complainant.   I think this is the only theory upon which the disbursements for searches can be allowed, and that, when not made by officers of the courts or other public officers, they are not properly chargeable.   Rule 64 of this court provides for filing official searches made in the progress of this cause.   Section 1561 of the Code authorizes the court in partition suits to dispense with the reference as to liens of creditors where the official searches of the clerk and register are produced.   I think that there thus appears, both in the statute and rules of the court and in the

practice, a distinction between searches made by public officers and those made by other persons, and only the former can be properly taxed as disbursements. Taxation of clerk refusing to allow items for searches affirmed.