## MENDEL *v.* BROOKLYN CITY R. Co.

*(Supreme Court, General Term, Second Department.　July 18, 1890.)*

TRIAL—INSTRUCTIONS—REFUSAL TO CHARGE.

　　Refusal to charge abstract principles is not error where all the principles applicable to the case have already been charged.

Appeal from circuit court, Kings county.

Action by Marcus Mandel against the Brooklyn City Railroad Company. There was a verdict for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George W. Wilson,* for appellant.　*Morris & Whitehouse,* for respondent.

DYKMAN, J.　This action was commenced to recover for damage resulting to the plaintiff from an injury inflicted by the horses and car of the defendant.　The action is based upon the negligence of the defendant, and the testimony upon the trial was quite contradictory.　The jury rendered a verdict for the defendant, and the plaintiff has appealed from the judgment entered thereon.　The verdict is fully sustained by the evidence, and we cannot interfere upon the questions of fact involved after the verdict of the jury.　At the close of the charge of the trial judge several abstract principles were submitted to him with a request to charge them as they were read.　All the principles involved which were applicable to the case had been charged by the judge, and he declined to make any further charge.　No error can be predicated upon such refusal, and therefore the exceptions are unavailing.　The judgment and order denying a motion for a new trial should be affirmed, with costs.　All concur.

---

## EQUITABLE LIFE ASSUR. SOC. *v.* HUGHES *et al.*

*(Supreme Court, General Term, Second Department.　July 18, 1890.)*

COSTS—TAXATION IN FORECLOSURE SUITS—SEARCH OF TITLE.

　　Under the statute and rules of practice in New York, fees paid by complainant in foreclosure suits for searches of title are only taxable as legal disbursements when the searches are official.　Affirming 9 N. Y. Supp. 336.

Appeal from special term, Kings county.

Foreclosure proceedings instituted by the Equitable Life Assurance Society against Mary Ann Hughes and others.　Plaintiff appeals from an order sustaining the clerk's refusal to tax to plaintiff items paid by it to the Lawyers' Title Insurance Company for searches of title.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry Day (George Waddington,* of counsel,) for appellant.　*Stephens B. Jacobs,* for respondents.

DYKMAN, J.　This is an appeal from an order vacating and setting aside an order overruling the taxation of costs in this action, and also from an order affirming the refusal of the clerk to allow certain items for disbursements for searches.　The question presented is whether the sums paid to the Lawyers' Title Insurance Company are taxable as legal disbursements by the plaintiff in an action to foreclose a mortgage.　It was decided at the special term (9 N. Y. Supp. 336) that only disbursements for official searches could be allowed in such cases, and the sum claimed by the plaintiff and rejected by the clerk, having been paid for unofficial searches, could not be taxed as a legitimate disbursement.　Our examination leads us to the same conclusion, and the orders appealed from should be affirmed, with costs and disbursements.　All concur.